## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

GLENDA J. LAWRENCE,

    PLAINTIFF,

v.                                                              CASE NO.: CV-06-J-1383-NW

G-UB-MK CONTRACTORS and
TENNESSEE VALLEY AUTHORITY,

    DEFENDANTS.

### MEMORANDUM OPINION

Pending before the court is defendant GUBMK's motion for summary judgment and a brief and evidence in support (docs. 12 and 13), and defendant Tennessee Valley Authority's motion for summary judgment and a brief and evidence in support (docs. 9 and 10). The plaintiff filed an opposition and evidence (doc. 17). Defendant Tennessee Valley Authority thereafter filed a reply (doc. 24). Upon consideration of the pleadings, memoranda of the parties and evidentiary submissions received, the court is of the opinion that it lacks jurisdiction over this matter due to the plaintiff's failure to exhaust her administrative remedies.

A federal employee must exhaust all of her administrative remedies before filing a Title VII discrimination action in federal court. *See Brown v. General Serv. Admin.*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967-68, 48 L.Ed.2d 402 (1976)*; Johnson*

*v. Bergland*, 614 F.2d 415, 418 (5th Cir.1980).  In the facts before this court, the plaintiff was employed by defendant GUBMK and working for defendant Tennessee Valley Authority ("TVA") during the relevant time in question.  Plaintiff depo. at 18, 20.  She was hired by GUBMK on April 22, 2002, to work for TVA and was laid off by TVA on May 14, 2004.  On August 4, 2004, plaintiff learned a male employee had been recalled by TVA and concluded that she was not recalled because of her gender.  Plaintiff depo. at 42-44, 102-103.  The plaintiff states she called her supervisor and was told that "the guys" did not want her back.  *Id*., at 136.  Plaintiff contacted the TVA EOC office on November 4, 2004, claiming she was not called back to work because of gender discrimination.  Plaintiff depo. at 46; 60-61; 68, 70; defendant exhibit 10.  She filed an EOC complaint on December 23, 2004.  Plaintiff depo. at 71.  She later had a telephone hearing with an ALJ.  Plaintiff depo. at 72.  The ALJ ruled against plaintiff and she filed an appeal to the EEOC on March 7, 2006.  Plaintiff depo. at 73-74; defendant exhibits 11, 12.  This suit was filed June 23, 2006, and thereafter, on July 27, 2006, the EEOC dismissed her appeal due to the pendency of this action.  Plaintiff depo. at 75-76; defendant exhibit 14.

TVA argues that, pursuant to the regulations governing EEO complaints in federal agencies, the plaintiff failed to exhaust her administrative remedies.[1]

---

[1] The plaintiff has seemingly abandoned her claims against GUBMK.  She makes no argument in her opposition to motions for summary judgment about any action taken by

After the ALJ ruled against her, the plaintiff had the option of either filing a suit in District Court, or filing an appeal to the EEOC.  29 C.F.R. § 1614.407(c)-(d).  The plaintiff opted to appeal the adverse ALJ decision to the EEOC.  Once she made that election, the plaintiff was obligated to allow the EEOC no less than 180 days to investigate her claim of discrimination.  42 U.S.C. § 2000e-16(c); 29 C.F.R. 1614.407(d); *England v. Kemp*, 976 F.2d 662, 664 (11th Cir.1992) ("Under Title VII, an aggrieved federal employee may not file a lawsuit in U.S. District Court unless such employee has received notice of final action on an administrative complaint from the EEOC or 180 days have elapsed since the employee filed an administrative complaint.").  However, the plaintiff then filed this action 108 days after filing her appeal.  Defendant TVA asserts this failure to exhaust her administrative remedies bars the plaintiff from proceeding with her claims in this court.

In *Brown v. Snow*, the Eleventh Circuit Court of Appeals addressed this situation as follows:

> Although the 180-day waiting period is part of the administrative

---

GUBMK that is even arguably discriminatory.  The plaintiff states only that she sued GUBMK and that "Plaintiff has met the initial burden of proof showing discriminatory adverse employment action against plaintiff, and the reasons asserted by defendants for the adverse employment action have been shown by plaintiff to be pretext..." Plaintiff's opposition, at 8.  Therefore, the court shall dismiss the plaintiff's claims against defendant GUBMK.  *See Resolution Trust Corp. v. Dumar Corp.*, 43 F.3d 587 (11th Cir.1995).  *See also Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1284 (11th Cir.2003); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir.2001).

3

process that must be exhausted before filing suit in a federal district court, it is unclear whether a premature filing of a complaint deprives a district court of subject matter jurisdiction. Although our case law establishes that "[a] federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action," *Crawford v. Babbitt,* 186 F.3d 1322, 1326 (11th Cir.1999), we have not addressed whether prematurely filing a complaint is, by itself, a failure to exhaust administrative remedies.

*Brown v. Snow,* 440 F.3d 1259, 1263 (11th Cir.2006). In that case, the Court further stated that in determining whether prematurely filing a complaint constituted a failure to exhaust administrative remedies, the court must consider whether the record shows that the premature filing of the complaint evidenced a refusal to cooperate in good faith with the EEOC. *Id.*, at 1264. There, although the plaintiff filed his complaint in the district court 35 days early, the EEOC was not notified of the filing until 183 days had elapsed from the date the plaintiff appealed the decision of the agency to the EEOC and there was no evidence that the EEOC terminated its investigation before the 180 days had elapsed. *Id*.

The facts before this court do not support a similar finding. Here, the plaintiff filed her appeal of the agency determination in a timely manner, but then filed this action after a mere 108 days had past. In its dismissal of her appeal on July 27, 2006, the EEOC noted that it had not issued a final action. Even counting the days from the filing of her appeal to the date of dismissal, rather than the date this action was filed,

the EEOC was not allowed 180 days to investigate the plaintiff's claims. Rather, only 142 days had passed. Therefore, the EEOC was prevented from concluding its investigation of her claims, and from finalizing an administrative record. "To withdraw from the administrative process in order to file suit, as the plaintiff has done, constitutes a failure to exhaust administrative remedies." *Tolbert v. United States,* 916 F.2d 245, 249 (5th Cir.1990).

The court also finds no evidence that the plaintiff made a good faith effort to comply with the regulations and to provide all relevant, specific information to the agency. *See Brown*, 44 F.3d at 1263, citing *Wade v. Sec'y of the Army*, 796 F.2d 1369, 1376 (11th Cir.1986). Rather, the plaintiff here has failed to adequately address the issue of administrative exhaustion, even though defendant TVA raised that very issue in its motion for summary judgment. The only mention by plaintiff of the exhaustion issue is that "[p]laintiff in good faith provided all information requested during both the EOC and EEOC investigation, and testified during the EOC hearing with an Administrative Law Judge." Plaintiff's opposition, at 7. This sentence does not establish that the EEOC was given "every opportunity to investigate and resolve the dispute [–] all that is intended by the exhaustion requirement." *Brown*, 44 F.3d at 1263 (quoting *Wade*, 796 F.2d at 1378). The evidence before this court demonstrates that the plaintiff's filing of the action here prevented the EEOC from

completing its investigation.  Based on the logic of *Brown*, this action is due to be dismissed.  *See Brown,* 44 F.3d at 1264.

The court finds further support for this conclusion in the logic of such cases as *Vinieratos v. U.S., Dept. of Air Force Through Aldridge,* 939 F.2d 762, 772 (9th Cir.1991).  That Court noted the "eminently logical proposition that an administrative exhaustion rule is meaningless if claimants may impede and abandon the administrative process and yet still be heard in the federal courts." *Id.*  The plaintiff here abandoned her EEOC appeal in favor of bringing this action.  While the plaintiff did not have to file an appeal of the administrative law judge's finding of no discrimination with the EEOC, once she elected that remedy she was obligated to exhaust it.  "When a federal employee obstructs the smooth functioning of a properly elected administrative process and abandons that process to pursue a remedy elsewhere, he fails to exhaust his chosen remedy and thereby forecloses judicial review." *Id*. *See also Jordan v. U.S.*, 522 F.2d 1128, 1132 (8th Cir.1975) (where plaintiff failed to exhaust administrative remedies by choice, suit in District Court was barred); *Jones v. Ashcroft,* 321 F.Supp.2d 1, 10-12 (D.D.C.2004) (where plaintiff filed action 138 days after filing appeal to EEOC, District Court found action barred due to plaintiff's failure to exhaust his administrative remedies); *Andrews v. Potter,* 2007 WL 325348, *2 (E.D.Mich.2007)("Since the EEOC has not made a final decision and Plaintiff did

not wait 180 days as required, she did not exhaust her administrative remedies" which required the court to dismiss her case).

Having considered the foregoing, and being of the opinion that defendant TVA's motion for summary judgment is due to be granted as the plaintiff failed to comply with her chosen administrative prerequisites for filing suit, the court shall grant said motion be separate Order.

Having found that the plaintiff has abandoned her claims against her employer, defendant GUBMK, the court shall also grant defendant GUMBK's motion for summary judgment by separate Order.

**DONE** this the 21st day of March, 2007.

> INGE PRYTZ JOHNSON
> U.S. DISTRICT JUDGE